RECEIVED
IN MONROE, LA
SEP 1 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 95-30024-01/USM No. 09040-035 |
| VERSUS | JUDGE ROBERT G. JAMES |
| VICTOR G. KELLEY | MAG. JUDGE JAMES D. KIRK |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On September 4, 1996, Defendant Victor G. Kelley ("Kelley") was convicted of conspiracy to distribute crack cocaine. Following Kelley's conviction, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Kelley's range of imprisonment under the then-mandatory United States Sentencing Guidelines was 360 months to life. On December 10, 1996, the Court, Hon. Tucker L. Melancon presiding, sentenced Kelley to 360 months imprisonment. A Judgment imposing that term of imprisonment was signed on December 16, 1996.

On November 1, 2007, the United States Sentencing Commission's ("Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment

1

retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review the defendants potentially affected by those amendments. Kelley was identified by the USPO as a person who might be affected by the amendments.

The USPO provided the Court with revised Sentencing Guidelines calculations based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Kelley was subject to the same term of imprisonment: 360 months to life.[1]

On June 20, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Kelley.[2] The June 20, 2008 Order further provided notice that the Court does not intend to reduce Kelley's term of imprisonment, based on the Court's review of the pre-sentence report and record. Finally, the June 20, 2008 Order required counsel to file within 60 days, or by August 19, 2008, a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment.

On July 9, 2008, Louis Scott filed a motion to enroll as counsel for Kelley. The motion

---

[1] Kelley was originally determined to have an offense level of 42 and a criminal history category of III. Although his offense level was reduced to 40, the Sentencing Guidelines range of imprisonment is 360 months to life for a person who has either offense level and a criminal history category of III.

[2] On May 28, 2008, Chief Judge Haik reassigned this case to the undersigned for all further proceedings. [Doc. No. 609].

2

was granted on July 15, 2008.

The Government and Kelley have filed sentencing memoranda under seal. [Doc. Nos. 623 & 625]. Kelley also requested a hearing. [Doc. No. 617]. Kelley objects to the finding of a total crack weight of 2.17765 kilograms at his original sentencing because this was an estimate made by an informant. He further objects that he should not have been given an adjustment for his role in the offense at his original sentencing. He objects that the Court previously applied the Sentencing Guidelines as mandatory. He objects that the USPO should not have recalculated his sentence without a hearing. Finally, he points to his serious rehabilitative efforts while incarcerated.

The Government responds that Kelley's term of imprisonment cannot be reduced because the crack cocaine amendments did not change his Sentencing Guidelines range. The Government also argues that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings. While the Court is instructed to consider § 3553(a) factors when reducing a sentence of imprisonment under § 3582(c)(2), the Court's review of those factors must be undertaken "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Government contends that a reduction is inconsistent with the Sentencing Commission's policy statements.

### A. Analysis

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
> in the case of a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994)). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

> (b) Determination of Reduction in Term of Imprisonment--
>
> (1) In General.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. **In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.**
>
> (2) Limitations and Prohibition on Extent of Reduction--
>
> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

>    (B)   Exception.--If the original term of imprisonment imposed
>          was less than the term of imprisonment provided by the
>          guideline range applicable to the defendant at the time of
>          sentencing, a reduction comparably less than the amended
>          guideline range determined under subdivision (1) of this
>          subsection may be appropriate. However, if the original
>          term of imprisonment constituted a non-guideline sentence
>          determined pursuant to 18 U.S.C. 3553(a) and *United
>          States v. Booker*, 543 U.S. 220 (2005), a further reduction
>          generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1)-(2) (emphasis added) (Supp. to the 2007 Guidelines Manual).

First, the Court finds that it has no authority under § 3582(c)(2) to reduce Kelley's term of imprisonment because his Sentencing Guidelines range did not change. The Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions based on a change to the Sentencing Guidelines range, and the policy statement contained in § 1B1.10(b)(2)(A) is clear that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." In this case, the amended Sentencing Guidelines range remains 360 months-life imprisonment, and Kelley was previously sentenced to 360 months.

Second, to the extent that Kelley contends that the amount of drugs and role in the offense attributed to him at the time of his original sentencing were incorrect, the Court has no authority to revisit these determinations. The Court's authority under § 3582(c)(2) is also limited by the policy statement contained in § 1B1.10(b)(1), which requires the Court to "leave all other guideline application decisions unaffected."

Third, the Court finds that *Booker* and its progeny do not apply to § 3582(c)(2) proceedings. Although not yet addressed by the Fifth Circuit, Kelley's argument has been

5

addressed and rejected by several other federal courts. The Court agrees with and adopts the analysis and conclusion of the district court in *United States v. Cruz,* 560 F. Supp.2d 198 (E.D. N.Y.), that Sixth Amendment concerns are not raised by cases such as Kelley's:

> A defendant in a § 3582(c)(2) proceeding has a presumptive, lawful sentence. . . Under § 3582(c)(2), there is no possibility of an increase in defendant's sentence above her current one. Any fact finding done by the judge, in conjunction with the § 3553(a) factors or otherwise, leads to a conclusion that the sentence either should or should not be reduced, *see United States v. Vautier,* 144 F.3d 756, 760 (11th Cir.1998) (sentencing court's power to reduce a sentence under § 3582(c)(2) is discretionary) and *Rivera v. United States,* 2003 WL 76988, at *3 (S.D.N.Y. Jan. 9, 2003) (Section 3582(c)(2) permits, but does not require, a district court to modify a defendant's sentence), but does not allow for an increase in the sentence. Accordingly, there is no judge found fact that increases defendant's sentence beyond the statutory maximum.

*Id.* at 203-204.

### B. Request for Hearing

Kelley has also requested a hearing in this matter. As the Fifth Circuit has recognized, § 3582(c) motions can generally be decided without a hearing because the proceedings are limited in scope and "not a second opportunity to present mitigating factors to the sentencing judge," but "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency given to certain defendants the benefits of an amendment to the Guidelines." *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). Federal Rule of Criminal Procedure 43(b)(4), also provides that a defendant need not be present for a "proceeding [that] involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."

The Court has been provided with sufficient information in the record and by the parties

to reach a determination on Kelley's reduction without the necessity of a hearing.

## C. Conclusion

For the foregoing reasons, the Court determines that Kelley is not entitled to a reduction in his sentence. The Court will not conduct a hearing, nor reduce Kelley's sentence of imprisonment. The Court's order will issue separately.

MONROE, LOUISIANA, this \_\_\_17\_\_\_ day of \_\_\_September\_\_\_, 2008

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE