U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 6 2009

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 95-30024-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| VICTOR G. KELLEY | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

After revisions to the base offense levels for crack cocaine, Section 2D1.1 of the United States Sentencing Guidelines, the Court, *sua sponte*, began reviewing all cases which might be affected, pursuant to 18 U.S.C. § 3582(c)(2).

On June 20, 2008, after considering Defendant's case, the Court issued an Order. In that Order, the Court informed the parties that it had reviewed the Probation Office's re-calculation of the applicable Guideline range of imprisonment and the record and determined that Defendant was not entitled to a reduction in his 360-month term of imprisonment. The Court appointed the Office of the Federal Public Defender to represent Defendant and ordered that counsel for the Government and the Defendant file any objections within sixty (60) days.

On July 15, 2008, Louis Scott filed a motion to enroll as retained counsel for Defendant. The Court granted that motion, and on August 15, 2008, Mr. Scott filed objections to the Court's June 20, 2008 Order.

On September 18, 2008, the Court issued a Ruling [Doc. No. 629] and Order [Doc. No. 630] denying Defendant any reduction in his term of imprisonment because the revisions to Section 2D1.1 of the Guidelines did not result in a reduction to his Guidelines range of imprisonment. The Court also rejected Defendant's attempt to attack other Guideline determinations made at the time of

sentencing. Finally, the Court concluded that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings, and, thus, Defendant was not entitled to a complete re-sentencing on this basis.

On October 17, 2008, Notice of Appeal [Doc. No. 634] was filed by Mr. Scott, on behalf of Defendant.

On January 8, 2009, the United States Court of Appeals issued a remand on the basis that Defendant's notice of appeal was untimely filed.[1] [Doc. No. 637]. Because this was an order in a criminal case, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Defendant had ten days to file his appeal. However, under Rule 4(b)(4), the Court may grant a thirty-day extension of time to file a notice of appeal if it finds there is good cause or excusable neglect. The Fifth Circuit remanded to this Court for a determination whether Defendant had good cause or excusable neglect for failing to file his appeal timely.

Defendant's Notice of Appeal does not state any reason for the lateness of the filing, and, thus, the Court has no way to determine whether good cause or excusable neglect exists. Accordingly,

IT IS ORDERED that Defendant show cause within ten (10) business days of the date of this Order why he failed to file his Notice of Appeal timely. Once Defendant's response is received, the Court will issue a determination whether he has stated an adequate basis for a thirty-day extension

---

[1] The remand indicates that Defendant filed his appeal *pro se*, but he is represented by counsel.

of time.

MONROE, LOUISIANA, this 23rd day of January, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE