RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/25/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CR95-30024-01 |
| VERSUS | |
| VICTOR KELLEY | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Victor Kelley filed his first motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, on April 19, 2000 (Doc. Item 486, 491), attacking the validity of his 1996 conviction by a jury in the United States District Court, Western District of Louisiana, Monroe Division, on one count of conspiracy to distribute 50 grams or more of cocaine base, or crack cocaine. Kelley was sentenced to thirty years imprisonment and 10 years supervised release. That motion was denied (Doc. 531).

Currently before the court is Kelley's second motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255 on October 23, 2010 (Doc. 607). Kelley is again attacking his conviction and sentence, relying on the "new rule of constitutional law" set forth by the Supreme Court in <u>Alleyne v. U.S.</u>, 133 S.Ct. 2151 (U.S. 2013). Kelley is presently confined in

the Federal Correctional Institution in Yahoo City, Mississippi.

Before Petitioner files his application in the district court, a three-judge panel of the Fifth Circuit must determine whether his application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B). To be successful, Kelley's motion must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See §§ 2244(b)(2) and (b)(3)(C).

The Fifth Circuit has not issued an order authorizing the district court to consider Kelley's second petition for habeas relief.

Accordingly,

The **Clerk of Court is DIRECTED** to notify Kelley that he must file a motion for authorization in the Fifth Circuit Court of Appeals, asking for an order authorizing the district court to consider his Section 2255 motion. 28 U.S.C. § 2244(b)(3)(A).

Kelley should attach the following documents to his § 2244(b)(3) motion to the Fifth Circuit Court of Appeals:

> (1) A copy of the proposed § 2255 motion for which he is requesting authorization to file in the district court;

2

(2) Copies of (a) all previous § 2255 motions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous § 2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a § 2255 motion or a § 2241 petition;

(3) All court opinions and orders disposing of the claims advanced in (2) above; and

(4) All magistrate judges' reports and recommendations issues in connection with claims advanced in (2), above.

If, after due diligence and through no fault of his own, Kelley is unable to procure any of the documents described above, he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

**IT IS ALSO ORDERED** that Kelley's "motion for leave of court to file" (Doc. 706) be TRANSFERRED to the U.S. Fifth Circuit Court of Appeals, in accordance with In re Epps, 127 F.3d 364, 365 (5th Cir. 1997).

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of September 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE